# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| SOHAIL ISSA,  } | |
| } | |
| Petitioner,  } | |
| } | |
| v.  } | Case No.: 4:11-CV-265-RDP-RRA |
| } | |
| ERIC HOLDER, Attorney General of  } | |
| the United States, et al.  } | |
| } | |
| Respondents.  } | |

## MEMORANDUM OPINION

On December 21, 2010, Sohail Issa ("Issa" or "Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Middle District of Georgia. (Doc. #1). At that time, Issa was incarcerated in the Stewart Detention Facility in Lumpkin, Geogia. (*Id*.). Warden Michael Swinton was named a Respondent in the petition. *Id.* After the petition was filed, Issa was transferred to the Etowah County Jail in Gadsden, Alabama. (Doc. #14).

On January 13, 2011, Warden Swinton filed a motion requesting that he be dismissed from the action. (Doc. #10). On January 19, 2011, Magistrate Judge Hyles of the Middle District of Georgia transferred Issa's petition to this court under 28 U.S.C. § 1406(a). (*Id*.). Judge Hyles transferred Issa's petition because "[a] habeas action is required to be brought in the jurisdiction in which the petitioner is incarcerated." (*Id*.).

On February 8, 2011, Magistrate Judge Armstrong of this court issued a Report and Recommendation recommending that this court transfer the case back to the Middle District of Georgia. (Doc. #22). Judge Armstrong based his recommendation on the fact that this court was not a court in which the case "might have been brought" (*see* 28 U.S.C. § 1404(a)) or "could have

been brought" (*see* 28 U.S.C. § 1406(a)). Thus, Judge Armstrong concluded that transfer to this court was inappropriate. (Doc. #22 at 2-6). Judge Armstrong concluded that the Middle District of Georgia did not lose jurisdiction over the case when the prisoner was transferred to Gadsden. (*Id.* at 4-6).

The court has reviewed *de novo* the entire record in this action and concludes that transfer of this case back to the Middle District of Georgia is appropriate. As Judge Armstrong stated, Issa could not have filed a § 2241 petition in this court on December 21, 2010, as he was not incarcerated in the Northern District of Alabama. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004). Because he could not have filed his petition in this court, neither §§ 1404(a) or 1406(a) allow a transfer here. *See Hoffman v. Blaski*, 363 U.S. 335, 342-43 (1960).[1]

As a preliminary issue, the Middle District of Georgia transferred Issa's petition to this court under 28 U.S.C. § 1406(a), which "governs actions brought in an improper venue" instead of § 1404(a) which "governs actions brought in an inconvenient venue." *Roofing & Sheet Metal Services, Inc. v. La Quinta Motor Inns, Inc.* 689 F.2d 982, 992 n.16 (11th Cir. 1982). Although on its face it appears the Middle District of Georgia improperly transferred the case to this court under 28 U.S.C. § 1406(a) rather than § 1404(a), the Eleventh Circuit has adopted a broad reading of § 1406(a) that allows transfer under that statute whenever there is an obstacle to adjudication on the merits in the transferor district. *See Manley v. Engram*, 755 F.2d 1463, 1467 n.8 (11th Cir. 1985) (citing *Dubin v. U.S.*, 380 F.2d 813 (5th Cir. 1967)); *accord Porter v. Groat*, 840 F.2d 255, 258 (4th Cir. 1988)

---

[1] In *Hoffman*, the Court was interpreting 28 U.S.C. § 1404(a), which allows transfer of an action to a district "where it might have been brought." *Hoffman*, 335 U.S. at 336. *Hoffman* is still applicable in this case, however, because the language in § 1406(a), which allows transfer to a district "in which [the action] could have been brought," is analogous. *See Van Dusen v. Barrack*, 376 U.S. 612, 622 n.11 (1964).

(adopting a rule that § 1406(a) "authorizes the transfer of a case . . . for any reason which constitutes an impediment to a decision on the merits in the transferor district but would not be an impediment in the transferee district.").

A petition for a writ of habeas corpus under § 2241 should be filed in the district of confinement, with the warden named as the respondent. *Padilla*, 542 U.S. at 447. In *Padilla*, the Court focused on the plain language of the habeas statute, stating that "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Id.* at 443 (quoting 28 U.S.C. § 2241(a)). The Court also noted that Congress created two specific exceptions to the district of confinement rule. *Id.* One exception was created for state prisoners located in a state containing more than one judicial district, and another exception was created for federal prisoners challenging their sentences under § 2255. *Id.* In contrast, no exception was created for federal prisoners filing petitions under § 2241. *Id.* The absence of a specific statutory exception for federal prisoners filing a general habeas petition under § 2241 thus confirms that jurisdiction for these petitions is appropriate only in the district of confinement. *See id.*

When Issa filed his petition under § 2241, he was incarcerated in the Middle District of Georgia and therefore could not have initiated the action in this court. The Middle District of Georgia transferred the petition to this court after Issa was transferred out of the district and into a prison in the Northern District of Alabama. (Doc. #22 at 1-2). This was not necessary, however, because "when the Government moves a habeas petitioner after []he properly files a petition naming h[is] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Padilla*, 542 U.S. at 441 (citing *Ex parte Endo* 323 U.S. 283, 306-307 (1944)).

Under the rule established in *Hoffman*, transfer of this petition back to the Middle District of Georgia is proper. In *Hoffman*, the Court rejected the argument that "the phrase 'where it might have been brought' should be held to relate not only to the time of the bringing of the action, but also to the time of the transfer." *Hoffman*, 363 U.S. at 342. The Court noted that the plain language of the statute was "unambiguous" and "unequivocal." *Id.* at 343. The Court also stated that allowing the district court to transfer to a district where the action could not have been brought would:

> empower a District Court, upon a finding of convenience, to transfer an action to any district desired by the defendants and in which they were willing to waive their statutory defenses as to venue and jurisdiction over their persons, regardless of the fact that such transferee district was not one in which the action 'might have been brought' by the plaintiff. Conversely, that thesis would not permit the court, upon motion of the plaintiffs and a like showing of convenience, to transfer the action to the same district, without the consent and waiver of venue and personal jurisdiction defenses by the defendants. Nothing in § 1404(a), or in its legislative history, suggests such a unilateral objective and we should not, under the guise of interpretation, ascribe to Congress any such discriminatory purpose.

*Id.* at 344. Even though Issa was incarcerated in the Northern District of Alabama at the time of the transfer, transfer under 28 U.S.C. § 1406(a) to this court was inappropriate.

Therefore, in accordance with the above analysis, the Magistrate Judge's Report is due to be adopted and his Recommendation accepted, and this action is due to be transferred back to the United States District Court for the Middle District of Georgia. A separate order will be entered.

**DONE** and **ORDERED** this     28th     day of February, 2011.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE